BILL MAX OVERTON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Overton v. Commissioner
Docket No. 9704-82.
United States Tax Court
T.C. Memo 1983-500; 1983 Tax Ct. Memo LEXIS 287; 46 T.C.M. (CCH) 1145; T.C.M. (RIA) 83500; August 18, 1983. Bill Max Overton, pro se. Neal O. Abreu, for the respondent. FORRESTER
MEMORANDUM FINDINGS OF FACT AND OPINION FORRESTER, Judge: This case is before the Court on cross motions to dismiss for lack of jurisdiction. [1] Petitioner contends that notices of deficiency were not timely mailed to him for the years in issue and, in the alternative, that the notice of deficiency for 1975 was not sent to his last known address. Respondent contends that notices of deficiency for the years in issue were timely mailed to petitioner's last known address for each of the years in issue, *288 and that petitioner failed to file a timely petition with this Court for any of those years. To facilitate disposition of this case, our Findings of Fact and Opinion are combined. Petitioner Bill Max Overton (hereinafter Bill) filed a timely 1975 individual income tax return showing his address as 5418 Whispering Creek, Houston, Texas 77017. On May 13, 1977, respondent mailed Bill a letter requesting certain information relevant to his examination of Bill's 1975 return. The letter was addressed to Bill at 5418 Whispering Creek, Houston, Texas 77017. At that time, Bill was in Connecticut at a jobsite. The letter was forwarded to him there and received in the latter part of May 1977. Bill wrote a note on the back of the May 13, 1977 letter and returned the letter to the Internal Revenue Service. Other than noting on the back of the May 13, 1977 letter that he was temporarily in Connecticut, Bill did not inform the Internal Revenue Service of a change of address, nor did he inform *289 respondent at any other time prior to the issuance of the notice of deficiency that his address had changed. On December 8, 1977, the respondent mailed by certified mail to the petitioner at 5418 Whispering Creek, Houston, Texas 77017 a statutory notice of deficiency for the 1975 year. The aforementioned statutory notice of deficiency was returned to the respondent as undeliverable. On or about April 15, 1978, Bill filed his 1977 income tax return showing his address as 6001 Ranchester 52, Houston, Texas 77036. On or about April 15, 1979, Bill filed his 1978 income tax return showing his address as 6001 Ranchester 52, Houston, Texas 77036. On March 31, 1981, the respondent mailed by certified mail to the petitioner at 6001 Ranchester 52, Houston, Texas 77036 a statutory notice of deficiency with respect to the 1977 and 1978 years; the aforementioned statutory notice of deficiency was returned to the respondent as undeliverable. The petitioner did not file a petition with this Court for redetermination of the deficiencies for the years 1975, 1977 and 1978 until May 7, 1982. Section 6212 [2] authorizes mailing the notice of deficiency by certified mail to the last known *290 address of the taxpayer. Section 6213 provides that a taxpayer residing within the United States may file a petition with this Court for a redetermination of a deficiency within 90 days after a statutory notice of deficiency is mailed to the taxpayer. The fact that the taxpayer failed to receive a notice of deficiency does not affect the rule of section 6213. , cert. denied . Normally, a taxpayer's last known address is the address shown on the return with respect to which a notice of deficiency is being sent. ; however, once respondent learns that a taxpayer is residing at an address other than the one shown on the return, he must exercise reasonable care and diligence in ascertaining the correct address and in mailing the notice of deficiency to that address. During the period between the filing of his 1975 return and respondent's issuance of *291 a notice of deficiency for 1975, Bill made no effort to notify respondent of his change of address. Indeed, on the one occasion upon which he communicated with respondent during this period, Bill returned to respondent a letter, sent by respondent to the address given on Bill's 1975 return, without stating that the address on the letter was no longer current. These facts establish that respondent was not put on notice of any change of address by Bill; it follows that respondent's notice of deficiency for 1975 was sent to Bill's last known address within the intendment of section 6212. Bill conceded at trial and on brief that respondent's notice of deficiency for 1977 and 1978 was sent to his correct address; the requirements of section 6212 have therefore been met for those years as well. Bill argues in the alternative that respondent failed to timely send notices of deficiency for any of the years in issue. The only evidence offered in support of this contention was Bill's testimony that he did not receive the deficiency notices in issue until May 10, 1982. [3]
*292 Respondent offered in evidence two envelopes containing, respectively, the deficiency notices for 1975 and for 1977 and 1978. Each envelope was sent certified mail. Bill's testimony that he did not receive deficiency notices for 1975, 1977 and 1978 until May 10, 1982, is inadequate to establish his contention that such deficiency notices were not timely mailed by respondent. Bill having offered no other evidence to suggest that the deficiency notices were not timely mailed, we are forced to conclude that he could not prevail on this issue at trial. Bill filed his petition for the years in issue on May 7, 1982, well after the 90-day period for filing provided by section 6213; accordingly, respondent's motion to dismiss for lack of jurisdiction will be granted, and petitioner's motion will be denied. An appropriate order will be issued.
Footnotes
1. Petitioner is pro se. He filed what he denominates as a motion to void notice of deficiency and dismiss assessment. We construe this "motion" as petitioner's motion to dismiss as stated.↩
2. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue.↩
3. We note that petitioner filed his petition on May 7, 1982, three days before he states that he received the deficiency notices. Petitioner explains that he became aware of the notices when he received a notice of lien from his bank in May 1981.↩